**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **EILEEN HIGHTOWER,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:17-CV-688-Y |
| § | |
| **JODY R. UPTON, Warden** § | |
| **FMC-Carswell,** § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court is a Petition for a Writ of Habeas Corpus under U.S.C. § 2241 filed by petitioner Eileen Hightower, a federal prisoner then housed at FMC-Carswell in Fort Worth, Texas.[1] After considering the pleadings and relief sought by Petitioner, the response and the applicable law, the Court concludes that the § 2241 petition must be **DENIED**.

**I. BACKGROUND/CLAIMS FOR RELIEF**

Petitioner Hightower was convicted in the United States District Court for the Middle District of Florida, Orlando division, of access-device fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1029(a)(1) and (c)(1)(A)(i) and 2 and

---

[1] It appears, from review of the records of the Bureau of Prisons ("BOP"), that Hightower has now been transferred to a community corrections center in Brooklyn, New York, and is scheduled to be released on May 16, 2019. See www.bop.gov/inmate_locator (last visited May 2, 2019). As of the date of this order, Hightower has not updated her address with this Court. She remains obligated to update the address of record.

sentenced to a term of imprisonment of 48 months. J*., United States v. Hightower*, No.6:15-CR-195-ORL-18TBS (M.D. Fla. Jan. 20, 2016) (App.(doc. 7-1) at 12-13.). The court also imposed a $100 assessment and restitution in the amount of $107,097.33. *(Id*. at 15.)  The court ordered Hightower to make restitution payments of $300 per month "upon release from imprisonment." *(Id*. at 16.)  The court also ordered that [u]nless the court has expressly ordered otherwise . . . if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment." *Id.*

Hightower filed a motion in the convicting court to clarify the restitution order, and in the order ruling on that motion, the court provided: "[t[o the extent that Hightower has been paying $43.00 per month or making other payments to the Federal Bureau of Prisons such payments are under the purview of the Federal Bureau of Prisons and not mandated by this court." (App. (doc. 7-1) at 2.)  When Hightower filed another "Motion to Order the Federal Bureau of Prisons to Waive/Modify Restitution Payments," the court denied the motion, noting that "[a]s the Court noted in a previous order, payments that Hightower is obligated to make to the Federal Bureau of Prisons under the Inmate Financial Responsibility Program (the "IFRP") or otherwise, are under the purview of the Federal Bureau of Prisons." (App. (doc. 7-1) at 4.)

In her petition under 28 U.S.C. 2241, Hightower recites the

following:

> Ground One: FBOP is deliberately disobeying an Order as to how and when restitution payments are to be made pursuant to their own policy - Policy Statement P5380.88 - Absent direction from the Court, payments may begin during incarceration.
>
> Ground Two: Undue hardship placed on petitioner family's due to ordered restitution in which petitioners prison job does not support . . . Petitioner current employment within the FBOP does not support the petitioner's ability to pay the imposed restitution amount and it is therefore placing an undue hardship and additional financial obligation on petitioner's family, who did not commit the crime, therefore, it should be their burden. However due to my dependence on them to meet this imposed obligation via the BOP, it is placing a hardship on the family.

(Pet. (doc. 1) at 5-6.) As relief Hightower seeks "[t]o enforce order that has been imposed per District Judge at Sentencing. Restitution to begin upon release from prison [sic]. The district court specifically did not order restitution while incarcerated due to family obligation [sic]." (Pet. (doc. 1) at 7.) Hightower did not provide any additional argument and did not file any reply to Upton's response.

## II.  EXHAUSTION

Upton informed that Hightower exhausted administrative remedies.(Resp. (doc. 6) at 2.) Thus, the Court turns to the merits of Hightower's claims for relief.

## III. ANALYSIS

Upton filed a thorough and comprehensive response to Hightower's § 2241 petition. As noted above, Hightower did not file a reply or traverse to that response. Upton's response and supporting appendix (including Declaration of FMC-Carswell Correctional Counselor Aimee Gardner) explained in detail that: (1) Hightower's payments while incarcerated were implemented consistent with the IFRP and she benefitted from the IFRP program; (2) the BOP's collection of payments under the IFRP was agreed to by Hightower; (3) the BOP's collection of payments under the IFRP did not violate the sentencing court's orders; and (4) the BOP's collection of payments under the IFRP did not violate Hightower's constitutional rights. (Resp.(doc. 6) at 2-9.) For all of the reasons enunciated in Upton's response, the Court concludes that Hightower's petition under § 2241 must be denied.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, petitioner Eileen Hightower's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED**.

SIGNED May 2, 2019.

                                      TERRY R. MEANS
                                      UNITED STATES DISTRICT JUDGE